**Amany Fahim BESADA,**
**Plaintiff–Appellant,**

v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. Department of Homeland Security, Seattle, WA, US-CIS Seattle, Defendants–Appellees.**

No. 15–13419
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 10, 2016.

Amany Fahim Besada, Alpharetta, GA, pro se.

Before WILLIAM PRYOR, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Amany Besada, proceeding *pro se,* appeals the district court's dismissal without prejudice of her complaint brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, for failure to state a claim. While seeking permanent resident status in the United States, Besada traveled to Germany for two neck surgeries. She al-

leged that defendants the United States Citizenship and Immigration Services and the United States Department of Homeland Security sent her a letter in which they denied her application to adjust her immigration status because of unauthorized travel. She then cancelled her second surgery in Germany and returned to the United States, and, as a result, her health deteriorated.

We review *de novo* a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). In evaluating dismissals under 1915(e)(2)(B)(ii), we view the allegations in the complaint as true and use the same standard that governs dismissals under Fed.R.Civ.P. 12(b)(6). *Id.* To avoid dismissal, the complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Pro se* pleadings, however, are held to less stringent standards than those drafted by lawyers. *Alba,* 517 F.3d at 1252. Accordingly, this Court liberally construes *pro se* pleadings. *Id.*

The FTCA waives sovereign immunity and is the exclusive remedy against the United States for tort claims for money damages that allege personal injury caused by the negligent or wrongful act or omission of an employee of the government. 28 U.S.C. § 2679; 28 U.S.C. § 1346(b). The FTCA authorizes suit against the United States, not its agencies. *See* 28 U.S.C. § 2679(a); *F.D.I.C. v. Meyer,* 510 U.S. 471, 476, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("[I]f a suit is cognizable under § 1346(b) of the FTCA, the FTCA remedy is exclusive and the federal agency cannot be sued in its own name") (internal quotation marks omitted). To state a claim under the FTCA, a plaintiff must allege a violation of state law by an employee of the federal government acting within the scope of his employment. *See Zelaya v. United States,* 781 F.3d 1315, 1323–24 (11th Cir.2015).

A tort claim under the FTCA is "forever barred" unless it is "presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Presentation of a claim requires the agency to receive written notification about an incident, accompanied by a claim for money damages in a sum certain. 28 C.F.R. § 14.2. A claim under the FTCA accrues at the time of injury, or when the plaintiff is aware of both the injury and its cause. *Diaz v. United States,* 165 F.3d 1337, 1339 (11th Cir.1999).

The district court properly dismissed Besada's complaint for failure to state a claim under the FTCA. First, the FTCA authorizes suits against the United States, not its agencies, and Besada failed to name the United States as a party. Second, Besada's key allegation—that her health deteriorated because she elected to cancel a scheduled surgery based on a letter sent by the defendants—fails to establish a violation of state law. *See Zelaya,* 781 F.3d at 1323–24. Finally, Besada alleged no facts indicating that she filed an administrative claim with either agency within two years of the accrual of her cause of action, as is required under the FTCA. Accordingly, Besada's complaint fails to raise a claim that is plausible on its face, and the district court did not err in dismissing it for failure to state a claim.

**AFFIRMED.**